UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
1077 MADISON STREET, LLC,

                Plaintiff,

      - v -

DONOVAN MARCH, et al.,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM ORDER**

CV-14-4253 (JG)(VVP)

        In two essentially identical letters addressed to the court, filed on March 10 and 12, Michelle Pilgrim, appearing as attorney-in-fact for the defendant Donovan March, has raised questions concerning several matters that have been addressed by the court in the two conferences that have been held thus far in this matter. See Dkt. Ents. 7, 9. The questions rest on a misunderstanding of the status of the proceedings that have occurred thus far, and of the function that I, as the Magistrate Judge assigned to the case, am charged with performing. This memorandum attempts to answer the questions raised by Ms. Pilgrim and to clarify my function.

        First, as to my function, it is my task to oversee discovery, which means I seek to assure that the parties have the opportunity to exchange relevant documents and obtain other information concerning the case. In discharging that function, I explore in general terms the issues that the parties believe may arise and the proof that may be presented. I do not, however, make any decisions about the issues. Nor do I stand as a "gate-keeper" concerning what issues are appropriate for the court to decide. The task of deciding the issues is for the District Judge assigned to this case, Judge Gleeson.

Two of the issues in this foreclosure action that the defendant March has raised, through Ms. Pilgrim, are the statute of limitations and the existence of another party who apparently claims an ownership interest in the property that is the subject of the foreclosure action. Both of those issues were the subject of some discussion during the two conferences that I have held with the parties, but my purpose in those discussions was simply to insure that the parties were aware of those issues and of the possible evidence that would be offered in connection with them. As stated above, my function is not to consider the evidence or to decide the issues. Those issues remain to be decided, and will be decided at a later point by Judge Gleeson, either on a motion for summary judgment or at a trial.

At the most recent conference in the case, held on March 10, I set a schedule for a motion for summary judgment that the plaintiff's counsel said he wished to make. In her letters, Ms. Pilgrim expresses the belief that such a motion is premature, apparently because the issues concerning the statute of limitations and the other claim of ownership have not yet been resolved. This misunderstands the purpose of the summary judgment motion. The purpose of the motion is to consider those issues and resolve them, if possible, without the need for a trial. Thus, in the course of the motion, the defendant will have the opportunity to present facts to Judge Gleeson which may permit him to decide whether or not the statute of limitations or the existence of another claim of ownership prevents the plaintiff from proceeding with the foreclosure. If he decides that he is unable to resolve those issues in that fashion, then he will have to schedule a trial or other proceedings to decide the case.

Ms. Pilgrim has asked for a further conference with the court. A further conference is already scheduled to occur on April 15, immediately following the depositions of the two individuals that Ms. Pilgrim said she wished to conduct on that date at the courthouse. The conference on April 15 will be held before any briefing commences on the proposed motion for summary judgment, and will give Ms. Pilgrim the opportunity to raise with me any questions she may have concerning the proceedings. Accordingly, there is no immediate need for a conference, and the motion is denied.

Ms. Pilgrim is reminded that she is required to provide the court with sufficient proof, by way of an attestation by the defendant Donovan March's primary physician, that the defendant Donovan March is in fact incapacitated such that the power of attorney presented to the court is effective to permit Ms. Pilgrim to act on his behalf. This proof is to be produced to the court at the next conference on April 15.

SO ORDERED:

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:　　Brooklyn, New York
　　　　　March 19, 2015