UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOR ONLINE PUBLICATION

---

1077 MADISON STREET LLC,

                                        Plaintiff,

                    - versus -

DONOVAN MARCH, et al.

                                        Defendants.

MEMORANDUM
AND ORDER
14-CV-4253 (JG)(VVP)

---

A P P E A R A N C E S:

        CRAIG STUART LANZA
                26 Court Street, Suite 1200
                Brooklyn, New York 11242
                *Attorney for Plaintiff*

        CRAIG K. TYSON
                299 Broadway, Suite 800
                New York, New York 10007
                *Attorney for Defendant March*

JOHN GLEESON, United States District Judge:

        On May 5, 2014, plaintiff 1077 Madison Street, LLC ("Madison Street") filed this foreclosure action alleging that defendant Donovan March defaulted on a mortgage taken out with Flushing Savings Bank ("FSB") for a property located at 99-05 194th Street, Hollis, New York 11423 (the "Property").  FSB filed this summary judgment motion on July 10, 2014, and I heard oral argument on August 21, 2015.  For the reasons below, the motion for summary judgment is granted.

BACKGROUND

Unless otherwise noted, the facts set forth here are either undisputed, or, if disputed, are viewed in the light most favorable to March, the nonmoving party. *See Abramson v. Pataki*, 278 F.3d 93, 101 (2d Cir. 2002).

On August 30, 2007, March took out a mortgage from FSB in the principal amount of $211,000 for the financing of the Property. Pl. Rule 56.1 Stmt. ¶ 1; Spitz Aff. ¶ 3, Ex. 1 (the "Mortgage"). The Mortgage was filed with the Queens County Clerk on September 11, 2007. Pl. Rule 56.1 Stmt. ¶ 2; Spitz Aff. ¶ 4, Ex. 1. FSB assigned the Mortgage to Hayden Asset IX, LLC ("Hayden") by executing an Assignment of Mortgage dated April 19, 2013, which was filed with the Queens County Clerk on June 24, 1013. Pl. Rule 56.1 Stmt. ¶ 3; Spitz Aff. ¶ 6, Ex. 2 ("Assignment 1"). Hayden assigned the Mortgage to 99-05 194th Street, LLC on February 20, 2014. Pl. Rule 56.1 Stmt. ¶ 4; Spitz Aff. ¶ 7, Ex. 3 ("Assignment 2"). On June 20, 2014, 99-05 194th Street, LLC assigned the Mortgage to Madison Street. Pl. Rule 56.1 Stmt. ¶ 5; Spitz Aff. ¶ 8, Ex. 4 ("Assignment 3"). March defaulted on the Mortgage on February 1, 2008. Spitz Aff. ¶ 16. The Mortgage was accelerated on May 5, 2014 when a Notice of Default was served on March at 2811 Bonds Lake Road, Conyers, Georgia 30207. Pl. Rule 56.1 Stmt. ¶ 8; Lanza Aff. ¶ 12, Ex. A.

March did not file a counterstatement of facts denying or challenging plaintiff's statement of facts as required by Local Civil Rule 56.1(b)-(c). Because the plaintiff's Rule 56.1 Statement is unopposed by March, and because the facts set forth in the statement are supported by evidence in the record, they are deemed to be admitted for the purposes of this motion

pursuant to Local Rule 56.1.[1] *See Jackson v. Fed. Exp.*, 766 F.3d 189, 194 (2d Cir. 2014) ("[A]

non-response runs the risk of unresponded-to statements of undisputed facts proffered by the

movant being deemed admitted.").

## DISCUSSION

A.      *The Legal Standard for Summary Judgment*

A court may grant summary judgment if the moving party shows that "there is no

genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a). A dispute is genuine if "the evidence is such that a reasonable jury

could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986). "In deciding whether there is a genuine issue of material fact as to an element

essential to a party's case, the court must examine the evidence in the light most favorable to the

party opposing the motion, and resolve ambiguities and draw reasonable inferences against the

moving party." *Abramson v. Pataki*, 278 F.3d 93, 101 (2d Cir. 2002) (citation omitted).

On the other hand, in order "[t]o survive summary judgment . . . the non-moving

party must come forward with 'specific facts showing that there is a genuine issue for trial.'"

*Reiseck v. Universal Commc'ns of Miami*, No. 06-CV-777 (TPG), 2012 WL 3642375, at *2

(S.D.N.Y. Aug. 23, 2012) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 586 n. 11 (1986)). "Conclusory allegations, conjecture, and speculation . . . are insufficient

to create a genuine issue of fact[,]" *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998), and

the "mere existence of a scintilla of evidence" is not sufficient to defeat summary judgment.

*Anderson,* 477 U.S. at 252. Summary judgment is appropriate if the evidence produced would

---

[1]      The facts are not admitted automatically, as I must first "ensure that each statement of
material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the
statement is unopposed." *Jackson*, 766 F.3d at 194.

not allow a reasonable juror to find in favor of the nonmoving party. *See Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003).

B.      *The Plaintiff's Prima Facie Case for Foreclosure*

"Under New York law, summary judgment on a mortgage foreclosure action is appropriate where the Note and Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note." *Regency Sav. Bank, F.S.B. v. Merritt Park Lands Assoc.*, 139 F. Supp. 2d 462, 465 (S.D.N.Y. 2001). "Once the plaintiff has established its prima facie case by presenting the Note, Mortgage and proof of default, the Mortgagee has a presumptive right to foreclose which can only be overcome by an affirmative showing by the Mortgagor." *Id.* at 465-66.

Madison Street has established its prima facie case for foreclosure. First, it has produced the Note and Mortgage. *See* Spitz Aff. ¶ 10, Ex. 4. Next, it has submitted unrefuted evidence of March's failure to make payments under the Mortgage. *See id*. ¶ 9. As there are no facts that undermine these elements, I will turn to March's affirmative defenses.

C.      *March's Affirmative Defenses*

Once the mortgagee's prima facie case is established, the mortgagor must make an "affirmative showing" that a defense to the action exists. *Regency Sav. Bank*, 139 F. Supp. 2d at 465-66. The evidence must be submitted in an admissible form "sufficient to require a trial (of that defense) . . . . [M]ere conclusions or unsubstantiated assertions are insufficient." *Resolution Trust Corp. v. J.I. Sopher & Co., Inc.*, No. 94-CV-7189 (DC), 1995 WL 489697, at *2 (S.D.N.Y. Aug. 15, 1995) (citations omitted). With that standard in mind, I will consider the defenses that March asserts.

4

1.      *The Statute of Limitations*

March argues that the action is barred by the statute of limitations.  Opp. Br. at 1-2.  "The Statute of Limitations in a mortgage foreclosure action begins to run six years from the due date for each unpaid installment or the time the mortgagee is entitled to demand full payment, or when the mortgage has been accelerated by a demand or an action is brought." *Saini v. Cinelli Enterprises, Inc.*, 733 N.Y.S.2d 824, 826 (3d Dep't 2001).  Once the mortgage is accelerated, the statute of limitations begins to run on the entire mortgage debt.  *Loiacono v. Goldberg*, 658 N.Y.S.2d 138, 139 (2d Dep't 1997).  Here, the Mortgage was accelerated on May 5, 2014, when a Notice of Default was served on March, thus six years have not passed and the action is timely.  *See* Pl. Rule 56.1 Stmt. ¶ 8; Lanza Aff. ¶ 12, Ex. A.

2.      *Standing*

March contends that Madison Street lacks standing to bring this action.  Opp. Br. at 1-2.  To commence a foreclosure action, "a plaintiff must have a legal or equitable interest in the mortgage."  *U.S. Bank Nat. Ass'n v. Faruque*, 991 N.Y.S.2d 630, 632 (2d Dep't 2014).  A plaintiff establishes standing by showing that it is the holder or assignee of the mortgage and the holder or assignee of the underlying note at the time the action is commenced.  *Id.*  The Mortgage was assigned to Madison Street on June 20, 2014, Spitz Aff. ¶ 10, Ex. 4, and the original promissory note was tendered on that date.  Spitz Aff. ¶ 10.  March claims that there is a question as to the chain of title of the Mortgage, but Madison Street has established the chain of assignments set forth in its statement of facts.  *See* Spitz Aff., Exs. 1-4.  As the assignee, Madison Street has an equitable interest in the Mortgage, and thus standing to bring this action.

3.      *The Fair Debt Collection Practices Act*

March argues that Madison Street cannot accelerate the Mortgage or commence this action because it is not a lender as defined by 15 U.S.C. § 1692, a provision of the Fair Debt Collection Practices Act ("FDCPA"), and that it was acting as a debt collector within the meaning of the FDCPA.  Opp. Br. at 6-8.  The FDCPA prohibits deceptive and misleading practices by "debt collectors."  15 U.S.C. § 1692.  Debt collectors are defined as those engaged in "any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another."  *Id.* § 1692a.  Thus, the FDCPA limits its reach to those collecting the dues "of another" and does not restrict the activities of creditors seeking to collect their own debts.  *Maguire v. Citicorp Retail Services, Inc.*, 147 F.3d 232, 235 (2d Cir. 1998).  Madison Street is the creditor in this case, not a debt collection agency attempting to collect the debt of another, and therefore the FDCPA is inapplicable.

## CONCLUSION

In his answer to the complaint, March also claimed improper service.  However, that defense is without merit.  *See* Lanza Dec., Ex. A (Aff. of Service).  Accordingly, for the reasons stated above, Madison Street's motion for summary judgment is granted.  The parties are directed to confer regarding the disposition and assignment of a referee for the remaining proceedings in the case.

So ordered.

John Gleeson, U.S.D.J.


Dated:  August 28, 2015
        Brooklyn, New York