UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   For Online Publication Only
1077 MADISON STREET, LLC,

                        Plaintiff,

           -against-                              **ORDER**
                                                 14-CV-4253 (JMA)(PK)

DONOVAN MARCH, LEAFORD DANIELS, MYRTLE G.
DANELS, MARY R. CARTER, CITY OF NEW YORK
ENVIRONMENTAL CONTROL BOARD, CITY OF
NEW YORK PARKING VIOLATIONS BUREAU,
JOHN AND/OR JANE DOE NO. 1 to JOHN AND/OR
JANE DOE NO. 10,

                      Defendants.
------------------------------------------------------------------------X

**APPEARANCES:**

    Samuel Katz
    4533 16th Avenue
    Brooklyn, NY 11204
        *Attorney for Plaintiff*

    Craig K. Tyson
    290 Broadway, Suite 800
    New York, NY 10007
        *Attorney for Defendant Donovan March*

**FILED**
**CLERK**

8/22/2017 4:15 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Before the Court are defendant Donovan March's motions for (1) reconsideration and alternatively, to amend the judgment, (2) two temporary restraining orders, and (3) a pre-motion conference. All of March's motions are denied.

**A.  Motions to Reconsider and Alternatively, to Amend the Judgment**

March seeks reconsideration of the Court's order dated March 31, 2017, confirming the Referee's Report. March also moves in the alternative to amend the judgment.

1

A motion for reconsideration will generally only be granted where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir.1995). "There are generally three grounds for reconsideration: (1) an intervening change in the law, (2) the availability of evidence not previously available, and (3) the need to correct clear error or prevent manifest injustice." In re Zyprexa Products Liability Litig., 653 F. Supp. 2d 181, 182 (E.D.N.Y. 2009).

The majority of March's arguments—in particular, those relating to the default date, plaintiff's standing, and the default interest rate—were already raised and rejected in this Court's orders granting summary judgment [29], denying March's motion to reconsider the grant of summary judgment, and confirming the Referee's Report [53]. Other arguments, which include several discovery disputes relating to depositions and production of documents, are raised for the first time on this motion. These arguments, however, should have been raised during discovery or at the summary judgment stage of the litigation, which took place almost two years ago in 2015. The Court reminds defendant March that reconsideration "may not . . . be used as a vehicle for relitigating issues already decided by the Court, and [a] moving party may not merely reiterate or repackage an argument previously rejected by the court. In other words, a motion for reconsideration is not an opportunity for a second bite at the apple." Awadallah v. Western Union Co., No. 14-CV-3493, 2017 WL 52584 (E.D.N.Y. Jan. 4, 2017) (internal citations and quotation marks omitted) (alteration in original).

Additionally, March argues that Elliot Frankel, the individual who signed plaintiff's consent to change attorney form filed on June 7, 2017, lacked authority to sign the form. This accusation is pure speculation and conjecture. Moreover, March fails to explain how Frankel's

authority to sign the form relates to either plaintiff's ability to foreclose on the note and mortgage or the Referee's computations.

Lastly, March argues that plaintiff should not receive per diem interest from March 31, 2017 to June 9, 2017 due to the delay between the Court's order directing plaintiff to submit a proposed judgment of foreclosure and plaintiff's submission of that proposed judgment. This argument is without merit. Any slight delay, which may be explained by plaintiff's substitution of counsel during that time period, did not prejudice March. Accordingly, the Court declines to adjust the award of per diem interest.

Because the arguments raised in March's motions are utterly meritless, the motions to reconsider and alternatively, amend the judgment are denied.

## B. Motions for Temporary Restraining Orders

March seeks two temporary restraining orders—the first, staying the sale of the Property during the pendency of the motions for reconsideration and alternatively, to amend the judgment; the second, staying the sale of the Property during appeal.

In this Circuit, the standard for entry of a temporary restraining order is the same as for a preliminary injunction. Andino v. Fischer, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) (collecting cases). To obtain a preliminary injunction a party must demonstrate "(1) irreparable harm; and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in the [movant's] favor." MyWebGrocer, LLC v. Hometown Info., Inc., 375 F.3d 190, 192 (2d Cir. 2004) (internal quotation marks omitted).

Relatedly, courts look to the following factors when considering whether to issue a stay pending appeal:

> (1) [W]hether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be

3

irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

In re World Trade Center Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

First, having decided the motions for reconsideration and alternatively, to amend the judgment, the Court denies March's application to stay the foreclosure sale during the pendency of those motions as moot.

Second, for the reasons noted above and the reasons described in this Court's orders granting summary judgment [29] and confirming the Referee's Report [53], the Court concludes that March has failed to make a strong showing that he is likely to succeed on the merits of his appeal.  Accordingly, March's request for a stay during appeal is denied.

**C. Motion for Pre-Motion Conference**

March has also requested a pre-motion conference to discuss his proposed motion for a preliminary injunction staying the sale of the Property during the motions for reconsideration and alternatively, to amend the judgment.  Having decided the motions for reconsideration and alternatively, to amend the judgment, this request is denied as moot.

---

Accordingly, March's motions for reconsideration and alternatively, to amend the judgment, temporary restraining orders, and a pre-motion conference are denied.

**SO ORDERED.**

Dated:  August 22, 2017
      Central Islip, New York

          ___/s/ JMA_____
          Joan M. Azrack
          United States District Judge